## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

SHOLANDA CHRETIEN                   CASE NO.  6:24-CV-00814

VERSUS                              JUDGE DAVID C. JOSEPH

ALEXANDER CUTCLIFFE ET AL           MAGISTRATE JUDGE CAROL B. WHITEHURST

## <u>MEMORANDUM ORDER</u>

Before the Court is Plaintiff's Third Motion for Extension of Time to Effect Service (Rec. Doc. 30), which Defendants, Avis Budget Car Rental, LLC and PV Holding Corp., opposed (Rec. Doc. 36). Relatedly, Defendants filed a re-urged Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process (Rec. Doc. 31), which Plaintiff opposed (Rec. Doc. 37).

Plaintiff filed this suit for damages in August 2023 in state court following a car accident. (Rec. Doc. 1-8). She sued the adverse driver, an Australian resident, Alexander Cutcliffe, Avis (which rented the car to Cutcliffe), PV Holding Corp. (owner of the car), and her UM insurer, State Farm. Avis removed the case to this court in June 2024 before Plaintiff served Cutcliffe. (Rec. Doc. 1).

On October 16, 2024, the Court granted Plaintiff's request for an extension of time to effect service on Cutcliffe and extended the time for service to December 31, 2024. (Rec. Doc. 16). Based on Plaintiff's counsel's ongoing efforts to effect service

on Cutcliffe under the Hague Convention, the Court granted Plaintiff's second request for an extension of time to serve and extended the time for service to April 11, 2025. (Rec. Doc. 29). When service had still not been perfected by that date, Plaintiff moved for the third extension now before the Court. Plaintiff's counsel advised that an error in Cutcliffe's unit number was corrected in December 2024, and that the Australian process server acknowledged the correction and likely began attempting to serve Cutcliffe in January 2025. (Rec. Doc. 30-2). ABC Legal, Plaintiff's retained foreign service entity, previously advised that service could take more than six (6) months. (Rec. Doc. 26-3).

The Court finds that Plaintiff has been diligent in attempting to serve Cutcliffe under the Hague Convention in Australia, and that the service delay is, by virtue of the foreign process, beyond Plaintiff's control. Another extension to accommodate foreign service does not prejudice Defendants. Trial is set for December 1, 2025. Cutcliffe, once served, will be represented by enrolled defense counsel. (Rec. Doc. 1, p. 3, fn. 2).

Defendants expressed concern that additional time for service risks upsetting the deadlines and trial date. The Court notes Cutcliffe's presence is unnecessary for the matter to proceed to trial. Plaintiff filed suit in July 2023, when Louisiana's direct action statute still allowed plaintiffs to file a direct action against the tortfeasor's insurer. At the time of suit, the statute provided a right of direct action against the

insurer alone when "service of citation or other process cannot be made on the insured." DIRECT ACTIONS AGAINST AN INSURER, 2024 La. Sess. Law Serv. Act 275 (H.B. 337) (WEST). The statute was amended in August 2024 to eliminate a general direct action, but the statute maintains that an injured person has a right of direct action against the insurer if "service of citation or other process has been attempted without success or the insured defendant refuses to answer or otherwise defend the action within one hundred eighty days of service." La. Stat. Ann. § 22:1269(B)(1)(c). Although this case is likely governed by the pre-amendment statute (see discussion in *Tridico v. Allianz Underwriters Ins. Co.,* No. CV 24-302-JWD-RLB, 2025 WL 1244855, at *7 (M.D. La. Apr. 22, 2025)), under either version, if Plaintiff is unable to perfect foreign service on Cutcliffe prior to trial, she may nonetheless proceed against the insurer alone. *McAvey v. Lee*, 260 F.3d 359, 371 (5th Cir. 2001) (upholding the plaintiff's award against the insurer alone, where the tortfeasors were dismissed and/or unserved)[1]; *Montrell v. State Farm Mut. Auto. Ins. Co.,* 2006-0054 (La. App. 4 Cir. 11/21/06), 946 So. 2d 230, 233, *writ denied,* 2006-2997 (La. 2/16/07), 949 So. 2d 414 (relying on *McAvey* and the direct action

---

[1]    The court explicitly did not reach the issue of "whether the [pre-amendment] statute's requirement that the action be 'brought against' the insureds…was satisfied by the commencement of the action against them, ... or also requires the perfection of service of process against all of the insureds." *Id.* at fn. 10.

statute to find that judgment against the insurer alone was proper where plaintiff failed to perfect service on the insured).

Hence, whether Cutcliffe is eventually served is essentially irrelevant at this point in the litigation. The Court appreciates no reason to dismiss Cutcliffe while Hague service remains pending and may be perfected prior to trial. To the extent the parties believe the pending service may affect certain deadlines, they may file a motion for extension of discovery and other deadlines. An extension of time for Defendants to file another motion to dismiss Cutcliffe for lack of service may be especially warranted to accommodate the service delay if Hague service has not been perfected before trial.

Considering the unique procedural circumstances of this case, the Court finds another extension of time to perfect service on Cutcliffe is warranted. In the meantime, the Court encourages the parties to consider participating in a settlement conference with the undersigned. Accordingly,

IT IS ORDERED that Plaintiff's THIRD Motion for Extension of Time to Effect Service (Rec. Doc. 30) is GRANTED. Plaintiff's time to effect service on Cutcliffe is extended to August 15, 2025.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (Rec. Doc. 31) is DENIED WITHOUT PREJUDICE to Defendants' right to re-urge the motion

upon expiration of the extended time for service upon Cutcliffe, notwithstanding expiration of the deadline to file dispositive motions.

IT IS FURTHER ORDERED that Plaintiff shall file a notice of service immediately upon perfection of service on Cutcliffe.

Signed at Lafayette, Louisiana on this 14th day of May, 2025.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE